# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                Case No. 8:15-CR-433-T-24AEP

LUIS RENE LIMAS-HERRERA
_____/

## SENTENCING MEMORANDUM

### I.     Legal Framework for Sentencing Analysis

It is now well established that sentencing requires a two-step process. First, the district court must correctly calculate the sentencing guideline range. Second, the district court must consider the factors outlined in 18 U.S.C. §3553(a) to determine a reasonable sentence as to each defendant in each case.

In United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005), the Eleventh Circuit enumerated the ten factors used to determine a reasonable sentence: (1) the nature and circumstances of the offense and the defendant's personal history and characteristics; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and to provide a just punishment; (3) the need for deterrence; (4) the need to protect the

1

public; (5) the need to provide the defendant with appropriate educational training, vocational training, or medical care; (6) types of sentences available; (7) the correctly-calculated sentence range under the Sentencing Guidelines; (8) pertinent policy statements of the U.S. Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.

## II. Analysis of 18 U.S.C. § 3553(a) Factors

### A. History and Characteristics of the Defendant

Luis Rene Limas-Herrera is a 39-year-old citizen of Honduras.[1] He was born and raised in the municipality of Puerto Cortes, Honduras,[2] which is located on Honduras's northwest coast.

Honduras is one of the poorest countries in the western hemisphere, with about 65% of the population living in poverty.[3] Crime is endemic in Honduras. In 2012 Honduras, a nation of 7.6 million, had the highest homicide rate in the world — 82.1 murders per 100,000 residents, compared to 5.5 per 100,000 in Florida.[4]

One of ten children in his family,[5] Mr. Limas experienced a harrowing

---

[1] PSR, page 3
[2] PSR, page 8
[3] United States Department of State website: http://www.state.gov/r/pa/ei/bgn/1922.htm
[4] Miami Herald, January 2, 2012: http://www.miamiherald.com/2011/12/30/2601736/murder-capital-of-the-world.html
[5] PSR, page 7

2

childhood. Mr. Limas's father was an alcoholic, spending whatever money the family had on liquor.[6] Mr. Limas's father was frequently physically abusive towards Mr. Limas, striking him with his hands, sticks, and other objects.[7] One of Mr. Limas's most vivid memories from childhood involves his father severely beating him with a rowboat oar when Mr. Limas was just seven years old.[8] When Mr. Limas was nine years old, his mother left his father, and the violence stopped.[9]

    The home in which Mr. Limas was raised consisted of a wood frame with plastic tarp walls and a coconut palm frond roof.[10] The family did not have a bathroom, so they were obligated to go into the woods in order to relieve themselves.[11] The family had no fresh water source nearby, so the children traveled daily, one hour each way, with buckets in order to obtain water for cooking and drinking.[12] Mr. Limas had no shoes as a child, and on one occasion while walking in the woods his feet got caught in some barbed wire; as he struggled to free himself, the barbed wire cut both the top and bottom of his feet, leaving him with significant scarring.[13]

---

[6] May 10, 2016 interview of Luis Rene Herrera Limas
[7] PSR, page 9; May 10, 2016 interview of Luis Rene Herrera Limas
[8] May 10, 2016 interview of Luis Rene Herrera Limas
[9] PSR, page 9
[10] May 10, 2016 interview of Luis Rene Herrera Limas
[11] May 10, 2016 interview of Luis Rene Herrera Limas
[12] May 10, 2016 interview of Luis Rene Herrera Limas
[13] May 10, 2016 interview of Luis Rene Herrera Limas;

After finishing the first grade, Mr. Limas dropped out of school in order to fish and help provide for his mother and siblings.[14] At age 11, he obtained a paid job as a fisherman. His gave all his earnings to his mother, and she would use the funds to provide food and clothing for Mr. Limas's younger siblings.[15] Mr. Limas has continued to work as a fisherman throughout his life.[16]

### B. The Correctly-Calculated Sentence Range under the Sentencing Guidelines

The PSR calculates Mr. Limas's advisory guideline range to be an offense level 35, Criminal History I.[17] This Guideline range carries a recommended sentence of 168 to 210 months imprisonment.[18] Count one carries a minimum mandatory of ten years imprisonment.[19]

### C. The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct / The Need To Protect the Public

Mr. Limas is not a danger to reoffend. He is a simple, poor fisherman who was seduced by the temptation of financial security for himself and his

---

[14] May 10, 2016 interview of Luis Rene Herrera Limas
[15] June 2, 2016 interview of client's brother, Orlin Limas Herrera.
[16] PSR, page 11
[17] PSR, page 12
[18] Id.
[19] 46 U.S.C. § 70503(a) and 21 U.S.C. § 960(b)(1)(B)(ii).

family. Mr. Limas has no prior criminal history.[20] The United States Sentencing Commission has noted that first time offenders such as Mr. Limas are easily the most empirically identifiable group of guideline federal offenders who are the least likely to re-offend.[21]

Mr. Limas is well aware that when he agreed participate in this smuggling venture that he made the biggest mistake in his life. The results of that decision have been disastrous for him; he has been plucked from his native country, stripped of all that is familiar to him, and separated indefinitely from his family.

When the Bureau of Prisons does eventually release Mr. Limas, he will undoubtedly steer clear of any contact with drug shipments for the remainder of his life.

### IV. Conclusion

The Defense respectfully requests this Court take all the forgoing factors into consideration when it imposes a sentence that is "sufficient but not greater than necessary to comply with" the goals of sentencing set forth in 18 U.S.C. § 3553(a).

It is Defense Counsel's position that for all the reasons cited above and for reasons that Counsel will make known at sentencing, that this Honorable

---

[20] PSR, page 6
[21] *Recidivism and the First Offender*, United States Sentencing Commission, May 2004

Court should sentence Mr. Limas to the minimum mandatory sentence, 120 months.

## Certificate of Service

I HEREBY CERTIFY that on June 2, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Daniel Baeza, AUSA
Office of the United States Attorney
400 North Tampa Street, Suite 3200
Tampa. FL 33602

                                                 /s/ *David C. Hardy*
                                                 David C. Hardy, Attorney at Law
                                                 Florida Bar #689661
                                                 1710 N. 19th Street, Suite 215
                                                 Tampa, Florida 33605
                                                 Tel: (813) 990-9547
                                                 dch@thehardylawfirm.com